UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY D. WRIGHT,<br><br>               Plaintiff,<br><br>v.<br><br>BLUE FIN FISHERIES, LTD. PARTNERSHIP, et al.,<br><br>               Defendants. | No. C04-2017P<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT |

      This matter comes before the Court on Defendants' Motion for Summary Judgment and Plaintiff's Motion to file an Amended Complaint. On September 24, 2004, Plaintiff Gary Wright brought a Complaint under the Jones Act against Blue Fin Fisheries, Limited Partnership and Blue Fin Enterprises, Inc. for injuries allegedly sustained while working aboard F/V Bluefin on October 5, 2001. Under the Jones Act, seamen injured while in service of a vessel are subject to a three year statute of limitations. 46 U.S.C. §§688 et seq. Defendants now move for summary judgment, claiming that Plaintiff named the wrong parties in his original Complaint. They argue that Mr. Wright should not be allowed to amend his complaint because he is outside the limitations period for his claim. Having reviewed all pertinent papers and documents associated with this motion, the Court finds that Plaintiff has met all of the requirements under Fed.R.Civ. P 15(c)(3) that allow an Amended Complaint to relate back to the date of the original Complaint. The Court therefore DENIES Defendants' Motion for Summary Judgment and GRANTS Plaintiff's Motion to Amend.

ORDER - 1

## BACKGROUND

Following Mr. Wright's alleged injury aboard the commercial fishing vessel Blue Fin, Plaintiff retained attorney Michael J. Ricelli to conduct negotiations with the Polaris Group, who insured the vessel, its owners, and Plaintiff's employers. (Pl's Resp. at 2). At the time of his injury, Plaintiff claims that he believed that he was employed by a company called Blue Fin Fisheries, which was owned by brothers Kurt and Oluf Vedoy. From October 11, 2001, until sometime in 2004, Mr. Ricelli communicated with Bert Markovich, attorney for Defendant Blue Fin, regarding possible settlement arrangements in this matter. (Defs' Reply at 2). At some point in 2004 these negotiations broke down and Mr. Wright filed this action on September 24, 2004–eleven days before his statute of limitations under the Jones Act was set to run.

Defendant Blue Fin Fisheries, LP ("Blue Fin") now claims that it is not the appropriate party to sue because it did not own the F/V Blue Fin at the time of Plaintiff's accident. Instead, Defendant Blue Fin observes that it was a codfish drying operation in Monroe, WA that bought fish from the vessel F/V Bluefin. Blue Fin also claims that the other named Defendant, Bluefin Enterprises, Inc., may never have existed and if it did, it did not own the F/V Bluefin. Instead, Defendant claims that at the time of Plaintiff's accident the F/V Bluefin was "100% owned and operated" by Vedoy Enterprises, Inc. ("Vedoy Enterprises"), of which Oluf Vedoy is president, and O.K. Fisheries, Inc. ("O.K. Fisheries"), of which Kurt Vedoy is president. (Def's Reply at 2). Defendant Blue Fin states that it was a limited partnership, of which Kurt and Oluf Vedoy were the general partners. Together, the Vedoy brothers jointly held a 55% interest in Blue Fin, while the remaining 45% interest was held by limited partners Dick Greenwood, Chris Kindness, and Al Baeskens. (Oluf Vedoy Aff. at 2).

Plaintiff argues that during his settlement communications with Defendant Bluefin he frequently referred to the Defendants in the same way in which he named them in his Complaint and was never corrected. Defendant Blue Fin claims that it put Plaintiff on notice in its Answer that he had named the wrong parties and that Mr. Wright should have moved to amend his Complaint nearer to the time at which the Answer was filed. Additionally, Defendant claims that if Plaintiff is allowed

to amend his Complaint to include Kurt Vedoy, Oluf Vedoy, Vedoy Enterprises, Inc., and O.K. Fisheries, Inc., those parties will be prejudiced because they sold F/V Bluefin in December, 2004, and now will not have access to the vessel to help them prepare their defense. (Def's. Reply, Ex. B).

## ANALYSIS

### I. Federal Rule of Civil Procedure 15(c)(3)

Fed. R. Civ. P. 15(c)(3) is the only manner by which a party may seek to amend its complaint to name an unnamed defendant after the statute of limitations has run on a cause of action. G.F. Co., v. Pan Ocean Shipping Co., Ltd., 23 F. 3d 1498, 1501 (9th Cir. 1994). In order to satisfy the requirements of Fed. R. Civ. P. 15(c)(3), a Plaintiff must show: (1) that the claim asserted arises out of the same conduct, transaction, or occurrence set forth in the original complaint; (2) the party who the plaintiff is attempting to name must have had received notice of the action; (3) the party who the plaintiff is attempting to name must or should have known that, but for a mistake, it would have been named in the complaint; and (4) that the second and third requirements were satisfied within the 120-day period provided for in Fed. R. Civ. P. 4(m) for service of the summons and complaint. Fed. R. Civ. P. 15(c); G.F. Co, 23 F. 3d. at 1502. In the case at hand the parties do not dispute that Plaintiff's prospective claim against the Vedoys, Vedoy Enterprises, and O.K. Fisheries (hereinafter referred to collectively as "the Vedoys") arise from the same events set forth in the original Complaint. Thus, the only two issues before the Court are whether or not the Vedoys had notice of the action before the Court within the 120-day service period and if they knew or should have known during the 120-day period that, but for a mistake, they would have been named as defendants.

### II. The Vedoys Had Notice of This Action Within the 120-day Service Period

Plaintiff states in his Reply to Defendants' Motion for Summary Judgment that Kurt Vedoy was personally served with process in this action on December 22, 2004–89 days after Plaintiff filed his Complaint with this Court. (Pl's. Resp. at 3). Defendants acknowledge that Kurt and Oluf Vedoy received "technical notice" that this case was being brought, but are still prejudiced because they understood only that the case was being brought against Defendant Blue Fin, a now-defunct

ORDER - 3

partnership to which they used to belong, and Blue Fin Enterprises, Inc., an entity of which they had no knowledge. They relied on not having been personally named when they sold the F/V Blue Fin and will now not have access to the vessel during the course of this litigation.

Not withstanding these arguments, the Ninth Circuit has held that where there is a "community of interest" between closely related businesses, a prospective defendant can be considered to have effective notice for the purposes of 15(c)(3) when a closely related business entity has been named in a suit. Korn v. Royal Caribbean Cruise Line, Inc., 724 F. 2d 1397, 1399 (9th Cir. 1984). In Korn, the court found that Royal Caribbean Cruise Line, A/S. had notice of the action sufficient to satisfy Rule 15(c)(3) where plaintiff in that case mistakenly named as defendant and served Royal Caribbean Cruise Line, Inc., who was Royal Caribbean Cruise Line, A/S's advertising and marketing agent. Id. at 1401. In this case, Defendant Blue Fin and the Vedoys share a similar "community of interest." Collectively, the Vedoys owned the F/V Blue Fin, which sold the fish it caught to named Defendant Blue Fin. Moreover, Kurt and Oluf Vedoy held a 55% interest in Defendant Blue Fin as its general partners. As a general partner of Blue Fin, Kurt Vedoy was served in this action 89 days after the Complaint was filed. To say that the Vedoys did not have notice of this action would be to ignore the obvious, close business ties between Defendant Blue Fin and the Vedoys.

**III. The Vedoys Knew or Should Have Known that, but for Plaintiff's Mistake, they Would Have Been Named in the Original Complaint**

Defendant Blue Fin claims that Plaintiff's proposed Amended Complaint should not be allowed to "relate back" to the date of the filing of the original complaint because the Vedoys had no way of knowing that Plaintiff had made a mistake. To bolster this argument, Defendant points to paragraph XVIII of its Answer where it stated that, "Plaintiff has not named the proper parties in this action. . ." (Defs' Answer at 3). Defendant Blue Fin also relies heavily on the court's logic in Kilkenny v. Arco Marine, Inc., that where a plaintiff does not respond quickly to notification of its mistake, other prospective defendants may have cause to believe that plaintiff's decision to exclude

ORDER - 4

some parties is strategic. 800 F. 2d 853, 857 (9th Cir. 1986). The facts of Kilkenny undermine Blue Fin's argument, however. Like Plaintiff Wright, the plaintiff in Kilkenny also brought an action under the Jones Act that was subject to a three-year statute of limitations. Id. at 854. The injury in that case occurred on December 26, 1981. Id.. Plaintiff brought the complaint against the wrong defendant in November, 1982. That defendant filed an Answer in December, 1982, which alerted plaintiff of her mistake and named the correct defendants against whom an action should have been brought. Id. at 855. The Kilkenny plaintiff, however, waited until July, 1985, to bring a motion to amend her original complaint. The court stated that her motion to amend must be denied because Fed. R. Civ. P. 15(c)(3) is not meant "to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party." Id. at 857-8.

In the case before this Court, Plaintiff Wright received notice of his mistake, at the earliest, on November 9, 2004–the day Defendant Blue Fin filed its Answer. However, unlike the named defendant in Kilkenny, Blue Fin did not name in its Answer who the correct defendants should be. In a similar circumstance to the one in the case at hand, the G.P., Co. court found it significant to its decision to allow plaintiffs to amend their complaint under Fed. R. Civ. P. 15(c)(3) that the named defendants in that case did not name the correct defendants in their answer. 23 F. 3d at 1503-4. Because Defendant Blue Fin did not name the correct Defendants in its Answer, Plaintiff Wright argues that he did not actually have notice of who the correct parties were to this case until the filing of this Motion for Summary Judgment, on January 27, 2005. Once he discovered the names of these parties, he did not delay in filing a Motion to Amend.

Additionally, where the named defendant in Kilkenny filed its Answer well before the statute of limitations on that case had run, Blue Fin filed its Answer after the limitations period in this case had run. In Kilkenny the plaintiff actually had several months before the statute of limitations period had run to amend its Complaint and neglected to do so. Plaintiff in this case never had the opportunity, once his mistake was discovered, to file within the limitations period in this case.

ORDER - 5

CONCLUSION

Plaintiff Wright's original Complaint reflected a mistake as to who the correct defendant in this case is and was not a strategic decision on Plaintiff's part. It was within the power of Defendant Blue Fin to correct this mistake during the preceding settlement negotiations, or to name the correct defendants in its Answer. Additionally, the Vedoys had ample notice of the suit within the 120-day period for service, and they either knew or should have known that, but for Plaintiff's mistake, they would have been named as Defendants in this action. For these reasons, Defendants' Motion for Summary Judgment is DENIED and Plaintiff's Motion to Amend his Complaint is GRANTED. The Court has reviewed Plaintiff's Proposed Amended Complaint and directs Plaintiff's counsel to file the new Complaint on the Court's electronic filing system within three (3) days of this Order.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: April 8, 2005.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge